UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
JOSE A. AGRON,                     :
                                   :
        Petitioner,                :   Civ. No. 15-2835 (NLH)
                                   :
    v.                             :   OPINION
                                   :
STEPHEN D'ILIO, et al.,            :
                                   :
        Respondents.               :
_____:

APPEARANCES:
Jose A. Agron, #979913-B/558818
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
    Petitioner, pro se

HILLMAN, District Judge

    Petitioner Jose A. Agron challenges his 2006 conviction in this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. See also 28 U.S.C. § 2243. For the reasons discussed below, Petitioner's Grounds Three, Ten and Eleven will be dismissed; and an Answer will be ordered as to the remaining grounds for relief.

                I.    BACKGROUND

    Petitioner filed his initial § 2254 habeas petition on or about April 22, 2015. (ECF No. 1). This case was

administratively terminated because the initial Petition was not submitted using the habeas form supplied by the Clerk. (ECF No. 2). On or about July 7, 2015, Petitioner filed an Amended Petition (ECF No. 3), and the case was reopened for review by a judicial officer.

According to the allegations contained in the Amended Petition, Petitioner was convicted on June 22, 2006 in the Superior Court of New Jersey, Law Division, Camden County following a jury trial. (Am. Pet. 2, ECF No. 3). Specifically, Petitioner was convicted of: two counts of first-degree purposeful or knowing murder, N.J.S.A. 2C:11-3a(1) and (2); attempted murder, N.J.S.A. 2C:5-1, 2C:11-3a(1) and (2); conspiracy to commit murder, N.J.S.A. 2C:5-2; possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4a; unlawful possession of a handgun, N.J.S.A. 2C:39-5b; and hindering apprehension or prosecution, N.J.S.A. 2C:29-3b(1). He was sentenced to consecutive terms of life imprisonment for the murder convictions under the No Early Release Act (NERA), with 85% of each sentence to be served before being eligible for parole. (Id.).

Petitioner filed a direct appeal before the Superior Court of New Jersey, Appellate Division. See State v. Agron, No. A-0252-06T4, 2008 WL 4949831, at *1 (N.J. Super. Ct. App. Div. Nov. 21, 2008). The appellate division affirmed the conviction,

but merged the conviction for conspiracy to commit murder into the murder convictions, and remanded for resentencing. The Supreme Court denied certification, see State v. Agron, 198 N.J. 313 (2009), on February 4, 2009.

Petitioner states that he was resentenced on March 20, 2009. (Am. Pet. 3, ECF No. 3). He appealed that decision and, on November 17, 2010, the appellate court affirmed the sentence. (Id.). Petitioner states that he filed his petition for post-conviction ("PCR") relief on July 1, 2011. (Am. Pet. 5, ECF No. 3). In an opinion dated April 9, 2012, the PCR court rejected Petitioner's arguments and denied him PCR relief. Petitioner appealed the PCR court's decision and the appellate court affirmed. See State v. Agron, No. A-5718-11T1, 2014 WL 3749208 (N.J. Super. Ct. App. Div. July 23, 2014). The Supreme Court of New Jersey denied certification on January 23, 2015. See State v. Agron, 220 N.J. 269, 105 A.3d 1102 (2015).

Petitioner then sought habeas relief. In his Amended Petition, he asserts thirteen separate grounds for relief and the Court has reviewed each.

## II.   STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to

3

show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

A. GROUND 3: Failure to Merge Counts

As his third ground for relief, Petitioner asserts that "[t]he Trial court erred by failing to merge Count IV charging conspiracy to commit purposeful/knowing murder into counts I and II charging purposeful/knowing murder[.]" (Am. Pet. 7, ECF No. 3). However, Petitioner concedes in his Amended Petition that he raised this issue on appeal and that the appellate court remanded his case for resentencing. (Am. Pet. 3, ECF No. 3). Indeed, the appellate court specifically held that the conspiracy conviction should have been merged with the murder conviction. State v. Agron, No. A-0252-06T4, 2008 WL 4949831

4

(N.J. Super. Ct. App. Div. Nov. 21, 2008). Furthermore, in its opinion denying Petitioner's appeal of the PCR court decision, the appellate court discussed the procedural history of this case and noted that it previously "affirmed the conviction, but merged the conviction for conspiracy to commit murder into the murder convictions, and remanded for resentencing." State v. Agron, No. A-5718-11T1, 2014 WL 3749208, at *1 (N.J. Super. Ct. App. Div. July 23, 2014).

Because Petitioner's conviction for conspiracy has already been merged into the murder convictions, he cannot establish a constitutional violation due to the trial court's initial failure to merge the counts; and Petitioner is not entitled to habeas relief on this ground.

B. GROUND 10: Ineffective Assistance of PCR Counsel

As his tenth ground for relief, Petitioner asserts that he "was denied effective assistance of counsel entitling him to Post Conviction Relief." (Am. Pet. 10, ECF No. 3). Petitioner does not list any facts to support this claim. Instead, he references New Jersey State Court Rule 3:22-2(a).

As an initial matter, Petitioner has failed to provide facts supporting this ground for relief. Thus, he has not complied with Rule 2 of the Rules Governing Section 2254 Cases. Moreover, Petitioner cites only to a state court rule in support of this ground for relief; therefore, he has not alleged any

federal or constitutional violation. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (federal courts cannot grant habeas relief based on violations of state law).

Finally, to the extent Petitioner means to assert that he was denied effective assistance of counsel during his Post-Conviction Relief proceedings, this Court notes that he is not entitled to habeas relief on this ground. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); see also Coleman v. Thompson, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566, 115 L. Ed. 2d 640 (1991) holding modified by Martinez v. Ryan, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) ("There is no constitutional right to an attorney in state post-conviction proceedings.").

For the foregoing reasons, Petitioner is not entitled to habeas relief based on Ground 10 of the Amended Petition.

C. Ground 11: PCR Court Erred by Permitting Only Certain Testimony

Petitioner states as his eleventh ground for relief that "[t]he Trial Judge erred at the PCR hearing when he discriminately allowed the testimony of only some and not all of the witnesses which were able to provide exculpatory evidence of

6

Defendant." (Am. Pet. 11, ECF No. 3).  However, the supporting facts associated with this ground for relief reference only New Jersey law and the obligation of defense counsel to conduct adequate pretrial preparation. (Id.).  Therefore, there is a clear disconnect between the asserted basis for relief and the subject discussed in the supporting fact section.

Moreover, Petitioner does not provide any factual allegations in the supporting facts section, and instead recites standards of performance by counsel as established by New Jersey law.  Accordingly, Petitioner has failed to provide facts supporting this ground for relief. See Habeas Rule 2(c)(2).  Additionally, because Petitioner cites only to New Jersey state law, he has not alleged any federal or constitutional violation.  See 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67–68.  Therefore, Petitioner is not entitled to habeas relief on this ground.

IV.   CONCLUSION

For the reasons set forth above, the claims set forth in Grounds Three, Ten and Eleven will be dismissed; however, Respondents will be required to file an Answer with respect to the remaining grounds for relief. See Denny, 708 F.3d at 148 n. 3; 28 U.S.C. § 2243 (federal district courts have a duty to screen and summarily dismiss habeas petitions that plainly show the petitioner is not entitled to relief); Rule 4 of the Rules Governing Section 2254 Cases; see also Habeas Rule 4 advisory

7

committee's note ("Rule 4 authorizes the judge to 'take such other action as the judge deems appropriate.'" . . . "[T]he judge may want to dismiss some allegations in the petition, requiring the respondent to answer only those claims which appear to have some arguable merit.").

    An appropriate Order will be entered.


                                          _____ s/ Noel L. Hillman___
                                          NOEL L. HILLMAN
                                          United States District Judge

Dated: September 25, 2015
At Camden, New Jersey